FREDERICK DUGDALE *vs.* BOARD OF REGISTRATION IN
MEDICINE.

Suffolk. December 5, 1929. — January 15, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, & WAIT, JJ.

*Physician and Surgeon*, Registration: revocation. *Board of Registration in Medicine. Equity Jurisdiction*, To review decision of board of registration in medicine.

On a hearing of a petition under G. L. c. 112, § 64, to revise and reverse a decision by the board of registration in medicine, the decision must stand unless it appears that it "was clearly wrong."

The board of registration in medicine, after a hearing, revoked the registration of a physician to practise medicine in this Commonwealth on the ground of gross misconduct in his professional relations with two women patients, the finding as to the second patient being that "for the purpose of procuring money from . . . [her, he] . . . falsely represented to . . . [her] that she was suffering from a cancer of the stomach and from a tumor of the uterus of a cancerous nature, and that he could positively cure her of such complaints." At a hearing of a petition in this court under G. L. c. 112, § 64, to revise and reverse the decision of the board, there was in evidence a transcript of the proceedings at the hearing before the board and other evidence, and it appeared that the evidence before the board warranted their finding as to the second patient. The single justice ruled in substance that the evidence before the board did not warrant the board's decision as to the charges relating to the first patient; but he sustained the board's decision with relation to the charges as to the second patient. A decree was entered dismissing the petition. Upon an appeal from the decree, it was *held*, that

(1) The degree of credibility to be given to the witnesses before the board was for the board to determine;

(2) It could not be found, on the testimony, that the decision of the board as to the second patient "was clearly wrong."

(3) The decree was affirmed.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on April 25, 1929, under G. L. c. 112, § 64, to revise and reverse a decision by the respondent board revoking the license of the petitioner as a practitioner of medicine.

The petition was heard by *Pierce*, J., a stenographer

having been appointed to take the evidence. There was admitted testimony of several witnesses who had not testified before the respondent board, and the single justice also received in evidence a transcript of the proceedings before the board.

Material evidence is stated in the opinion. As to the board's decision respecting the Caton complaint, the single justice ruled in substance that there was no evidence before the board warranting its findings. The petitioner asked among others for the following rulings:

"8. That it is apparent from the record of the testimony before the board that certain individual members of the board had preconceived notions of what constituted neglect which were unsupported by any testimony offered before the board which the respondent could meet.

"9. That he was deprived of the benefit of hearing such testimony given under oath and the opportunity to cross examine the witnesses.

"10. That the board of registration had no legal right to take judicial notice of what constituted neglect, personal attention, false representations or the deprivation of personal medical attention under the circumstances of the present case."

"12. That it is apparent from the record of the testimony before the board that members of the board were prejudiced against the use of the Koch Anti-toxin.

"13. That the board of registration failed to give to Dr. Dugdale a full, fair and impartial hearing."

"19. There was no sufficient evidence produced before the board to warrant a finding that the opinion of Dr. Dugdale that Mrs. Whitehouse was suffering from a cancer of the stomach and from a tumor of the uterus of a cancerous nature was not honestly formed and honestly entertained.

"20. There was no sufficient evidence produced before the board to warrant a finding that he expressed his opinion to her for the purpose of procuring money from her.

"21. That the alleged statement that he 'could positively cure her of such complaints' even if true, was not as mat-

ter of law a false representation, being a statement of opinion and not of fact.

"22. That the decision of the board was clearly wrong and should be reversed."

The foregoing requests were refused. A final decree was entered dismissing the petition. The petitioner appealed.

*J. J. Higgins*, for the petitioner.

*C. F. Lovejoy*, Assistant Attorney General, for the respondent.

CARROLL, J. This is an appeal from a final decree of a justice of the Supreme Judicial Court dismissing the petition brought under G. L. c. 112, § 64, which seeks to reverse a decision of the board of registration in medicine revoking the petitioner's registration as a practitioner of medicine. Section 64 of G. L. c. 112, provides that the Supreme Judicial Court upon petition of a person whose certificate, registration, license or authority has been suspended, revoked or cancelled, may revise or reverse the decision of the board, if it appears that the decision was clearly wrong. The decision of the board was made under G. L. c. 112, § 61, St. 1921, c. 478.

The hearing before the board was based on charges of gross misconduct in connection with two patients, a Mrs. Caton and a Mrs. Whitehouse. The board found in the Caton case that for ten weeks or more preceding the death of Mrs. Caton the petitioner gave her no personal attention and, "by falsely representing to her and to her family that the symptoms brought to his attention were favorable, caused the patient to be deprived of any personal medical attention during this period of her last illness." The board found in the matter of Mrs. Whitehouse that "for the purpose of procuring money from Nellie M. Whitehouse . . . Dr. Dugdale falsely represented to the said Nellie M. Whitehouse that she was suffering from a cancer of the stomach and from a tumor of the uterus of a cancerous nature, and that he could positively cure her of such complaints."

At the hearing before the single justice, the record of the evidence before the board was presented and the peti-

tioner introduced additional evidence. The requests of the petitioner in the Caton case, to the effect that the evidence was insufficient to support the charge, were granted, and certain requests in the Whitehouse case were refused. A final decree was entered dismissing the petition. The petitioner appealed.

On a hearing in the Supreme Judicial Court on a petition to revoke a decision of the board of registration in medicine, the decision must stand unless it appears that it "was clearly wrong." G. L. c. 112, § 64. There was evidence that Dr. Dugdale told Mrs. Whitehouse she had cancer of the stomach and cancer of the uterus, that he assured her he could cure her. The petitioner admitted that he gave her to understand she had cancer of the stomach and cancer of the uterus. At the hearing before the board Dr. Dugdale was asked what the clinical symptoms were that led him to believe that Mrs. Whitehouse was suffering from cancer of the stomach, and he replied, "Her general statements of fact"; that she complained of her stomach and wasn't able to digest her food. Mrs. Whitehouse testified that she never had any stomach trouble and never told any one she had such trouble. There was evidence that she had no cancer of the stomach or any other malignant tumor of the stomach, and had never had such cancer of the stomach; that she did have a growth in the uterus which was fibroid and not cancerous. There was evidence also that Mrs. Whitehouse had consulted Dr. Dugdale seven or eight times; that he was to receive "$300 for the first treatment and $210 for each treatment after twelve weeks"; that she in fact paid him "$25 for examination and blood test and $50 for each time . . . [she] went in; $50 a month it was agreed that . . . [she] should pay."

The board had before it the evidence that the petitioner falsely represented to his patient that she had cancer; that he received money from this patient; and it could have been found that he falsely and fraudulently made these statements for the purpose of obtaining money. The board heard the witnesses, and the statements made by the petitioner; the degree of credibility to be given to the

witnesses was for the board. With this evidence of unprofessional conduct, it could not be found that the decision of the board was "clearly wrong."

We have examined all the requests for rulings asked for by the petitioner and refused by the single justice at the hearing before him. We find no error in refusing them. The petitioner, in our opinion, was given a full, fair and impartial hearing before the board. It could have found that Dr. Dugdale with his knowledge of medicine, and especially in view of his own testimony concerning his experience in the treatment of cancer, was not honest in saying to Mrs. Whitehouse that she had cancer; that, in fact, he knew this statement to be false and, in addition, that he made the statements concerning cancer, and promised a cure, for the purpose of procuring money from his patient.

*Decree affirmed.*